UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME GENTRY, as Mother and Natural Guardian :
of RG, a minor, :
:
Plaintiff, :
:
vs. : Case No.
:
GAR SHING REALTY CORP., a Florida :
Corporation, :
:
Defendant. :
_____/

## COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, Jaime Gentry, as Mother and Natural Guardian of RG, a minor, and on behalf of

all other mobility-impaired individuals similarly-situated, (sometimes referred to as "Plaintiff"),

hereby sues the Defendant, GAR SHING REALTY CORP., Corporation, (sometimes referred to

as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs

pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA").

1.      Plaintiff, Jaime Gentry, and her son RG, a minor, reside in Parkland, Florida, in

the County of Broward.

2.      Defendant's property, Winter Garden Plaza, is located at 13105 to 13395 W.

Colonial Dr., Winter Garden, FL 34787, in the County of Orange.

3.      Venue is properly located in the Middle District of Florida because venue lies in

the judicial district of the property situs.   The Defendant's property is located in, and does

business within, this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given

original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. *See also*, 28 U.S.C. § 2201 and § 2202.

5.      Plaintiff, Jaime Gentry, is a Florida resident, is sui juris. Her son, RG, a minor, is disabled as defined by the ADA. RG, born in 2004, has a very complex medical history including multiple heart surgeries for hypoplastic left heart. He also has a history of chronic back pain and scoliosis related to this. It is medically necessary for him to have a scooter style wheelchair. RG cannot walk more than 30 feet without the use of a wheelchair.

6.      Jaime Gentry, along with her three children, including RG, regularly go to Orlando and the surrounding areas, such as Winter Gardens, to enjoy together the vast amount of tourist attractions available there. Ms. Gentry has a yearly pass to Universal Studios. They particularly enjoy the Winter Garden area, its sightseeing, unique shops, natural pristine nature, such as its nature preserves, West Orange Trail, and Lake Apopka. Ms. Gentry and her son, RG, have been to the subject facility several times. The latest time was on November 11, 2020. They intend to return to the subject shopping center in the near future on their regular visits to Winter Garden, as they enjoy shopping and eating while there, at the Dollar Tree store, and at the many other tenants of Winter Garden Plaza.

7.      The ADA violations as set forth herein, have endangered RG's safety, and will in the future continue to endanger his safety, until the barriers are corrected.

8.      Defendant owns, leases, (or leases to), or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

9.      The subject property, Winter Garden Plaza, is operated by private entities whose

operation affect commerce and are a public accommodation as defined by the ADA and its implementing regulations. *See*, 28 C.F.R. § 36.104.

10.     According to the public records of Orange County, the subject shopping center was constructed in 1990, and the Defendant acquired same on September 20, 2003.

11.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to the property as described. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit the Winter Garden Plaza, not only to avail herself of the goods and services available at the property, but to assure herself that this property is in compliance with the ADA so that she and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

12.     The Defendant has discriminated against the individual Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182, *et seq.*, as described in paragraph 15.

13.     Structures that existed before January 26, 1992, or facilities that the present owner did not design or construct, and which have not been altered since that date, need not meet the same design and implementation standards as facilities build after January 26, 1993, or facilities that the present owner did not design or construct. In such cases, the ADA states that discrimination includes a private entity's "failure to remove architectural barriers . . . where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv) "Where removal is not readily achievable," failure of the entity to make goods, services and facilities "available through

alternative methods if such methods are readily achievable," may constitute discrimination under the ADA.  42 U.S.C. § 12182 (b)(2)(A)(iv).

The ADA defines "readily achievable as "easily accomplishable and without much difficult or expenses." 42 U.S.C. §12181(9)

Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable."  These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10) geographic separateness, administrative or fiscal relationship of the facility or facilities in question to the covered entity.  Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F.3d 1269, 1272-73 (11th Cir. 2006)

The obligation to engage in readily achievable barrier removal is a continuing one.  Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances.  DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

14.     Nevertheless, if the subject facility was altered after January 26, 1993, that alteration must be readily accessible to and useable by individuals with disabilities in accordance with the Americans with Disabilities Act Guidelines to the maximum extent feasible.  28 CFR § 36.404.  Additionally, if the Defendant's facilities includes portions that were designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401,

4

then the Defendant's newly constructed portions of the facilities, must be readily accessible and useable by persons with disabilities.

15.     A preliminary inspection of the Winter Garden Plaza has shown that violations exist. These violations that Plaintiff has personally encountered or observed include, but are not limited to:

A.     **<u>Accessible Routes</u>**

1.     The Plaintiff had difficulty traversing the facility due to site arrivals point not providing accessible routes connecting to the public streets and sidewalks, in violation of Section 206.2.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the barrier is included in the list of those considered readily achievable. *See* 28 C.F.R. § Section 36.304(2) – Making curb cuts in sidewalks and entrances. A curb ramp should lead to the Publix sidewalk.

2.     The Plaintiff had difficulty traversing the facility due to the accessible parking spaces not providing accessible routes connecting to the entrances they serve, in violation of Section 206.2.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the barrier is included on the list of those considered readily achievable. *See* 28 C.F.R. § Section 36.304(1) – Installing ramps.

3.     The marked crossing leads to a raised island with a 6 inch high change in level that does not provide a cut through level with the street at the accessible parking spaces, in violation of Section 406.7 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of the barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier, and the remediation of the barrier includes those items listed as examples of steps to remove barriers. 28 C.F.R. § Section 36.304(b)(2) – Making curb cuts in sidewalks and entrances.

4.    The Plaintiff had difficulty traversing the curb ramp due to the slope of the side flares being too steep, in violation of Section 406.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(b)(2) – making curb cuts in sidewalks and entrances.

5.    The accessible route from the public street to the walkway has holes in the pavement with vertical changes in level greater than ¼ inch making it difficult for the Plaintiff to traverse the accessible route, in violation of Section 303.2 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as the cost to remedy the violation is minor compared to the benefit of removing the barrier, and the cost to remedy is minor compared to the benefits of removing the barrier, and the cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. § 36.304.

6.    The Plaintiff had to use caution when traversing multiple curb ramps throughout the plaza due to the landing at the bottom of the ramp accumulating water, in violation of Section 405.10 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(b)(2) – Making curb cuts in sidewalks and entrances.

7.    The Plaintiff had difficulty traversing the curb ramp because of the changes in level at the bottom of the curb ramp exceeds the maximum height allowance of ¼ inch, in violation of Section 303.3 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(b)(2) – Making curb cuts in sidewalks and entrances.

8.    The stop sign and the plant is obstructing the marked crossing 36 inches of clear width making it difficult for the Plaintiff to traverse, in violation of Section 403.5.1 in the 2010 ADA Standards, whose resolution is readily achievable. The removal of this barrier is readily achievable as it is similar to a cited barrier as an example of readily achievable as it is similar to a cited barrier as an example of readily achievable in 28 C.F.R. § 36.304(b)(4) – Rearranging tables, chairs, vending machines, display racks, and other furniture. Furthermore, there is no cost to establish as policy to maintain accessible elements.

6

**B.**   <u>Parking</u>

1.   The accessible parking stall does not provide blue striping identifying the accessible stall and is in need of maintenance, in violation of Section 36.211 in the CFR, whose resolution is readily achievable.  The removal of this barrier is readily achievable as it is involves maintenance of accessible elements as required by 28 C.F.R. § 36.211.

2.   The Plaintiff had difficulty traversing the parking space and access aisle because the slope exceeded the maximum allowance of 2% in any direction, in violation of Section 502.4 in the 2010 ADA Standards, whose resolution is readily achievable.  The removal of this barrier is readily achievable as the barrier is included on the list of those considered readily achievable. *See* 28 C.F.R. § 36.304(b)(18) – Creating designated accessible only spaces.

**C.**   <u>Entrances</u>

1.   The dollar tree entrance is missing the International Symbol of Accessibility as required, in violation of Section 703.7.2.1 in the 2010 ADA Standards, whose resolution is readily achievable.  The removal of this barrier is readily achievable as the cost to add a sign is minimal.

**D.**   <u>Interior Accessible Route</u>

1.   The interior accessible route is obstructed and does not provide 36 inches of clear width of walking surfaces in the retail aisles and in route to the restrooms and the emergency exit, making it difficult for the Plaintiff to traverse, in violation of Section 403.5.1 in the 2010 Standards, whose resolution is readily achievable.  The removal of the barriers is readily achievable as the cost to maintain clear width of walking surfaces is minor and the benefit significant, especially here where the accessible route to the emergency exit is blocked.  Furthermore, the barrier is included in the list of those considered readily achievable.  *See* 28 C.F.R. § 36.304(b)(4) – Rearranging tables, chairs, vending machines, display racks, and other furniture.

E.     **Dollar Tree Men's Restroom**

1.     The Plaintiff had to exercise caution when using the lavatory due to the drain pipe and water lines being exposed, in violation of Section 606.5 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the barrier is included in the list of those considered readily achievable.   *See* 28 C.F.R. § 36.304(b)(14) – Insulating lavatory pipes under sink to prevent burns.

2.     The urinal exceeds the maximum height of 17 inches above the finished floor making it difficult for the Plaintiff to use, in violation of Section 605.2 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier.   The cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. 36.304(b)(1-21).

3.     The flush control for the urinal exceeds the maximum height of 48 inches above the finished floor making it difficult for the Plaintiff to operate, in violation of Sections 309.3 and 605.4 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier.   The cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. 36.304(b)(1-21).

4.     The toilet is obstructing the clear floor space for an approach to the shelf and the shelf exceeds the maximum height allowance of 48 inches making it difficult for the Plaintiff to reach the deodorizer on the shelf, in violation of Sections 305.3, 305.5, 308.2.2 and 309.3 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the barrier is included in the list of those considered readily achievable.   *See* 28 C.F.R. 36.304(b)(4) – Rearranging tables, chairs, vending machines, display racks, and other furniture.

5.      The side wall grab bar does not extend 54 inches from the rear wall as required making it difficult for the Plaintiff to utilize, in violation of Section 604.5.1 in the 2010 ADA Standards, whose resolution is readily achievable.  The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier, and the barrier is included in the list of those considered readily achievable.  *See* 28 C.F.R. 36.304(b)(12) – Installing grab bars in toilet stalls.

6.      The toilet paper is obstructing the gripping surface space on the side wall and rear wall grab bars making it difficult for the Plaintiff to utilize, in violation of Section 609.3 in the 2010 ADA Standards, whose resolution is readily achievable.  The removal of the barrier is readily achievable as there is no cost to remove the toilet paper from the side grab bar, and to institute a policy to maintain accessible elements, as required by 28 C.F.R. § 36.211.

7.      The lavatory is obstructing the 60 inches of perpendicular clearance around from the side wall for the toilet making it difficult for the Plaintiff to maneuver in the toilet area, in violation of Section 604.3.1 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier.  The cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. 36.304(b)(1-21).

8.      The flush control is not located on the open side of the toilet as required making it difficult for the Plaintiff to utilize, in violation of Section 604.6 in the 2010 ADA Standards, whose resolution is readily achievable.   The removal of the barrier is readily achievable as the cost to remedy the barrier is minor compared to the benefit of removing the barrier.  The cost to remedy the barrier is minor compared to those set forth in 28 C.F.R. 36.304(b)(1-21).

F.      **Maintenance**

1.      The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR § 36.211.

16.     All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

17.     The discriminatory violations described in paragraph 15 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.  The individual Plaintiff, and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.  The individual Plaintiff, and all others similarly-situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.  In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

18.     Defendant has discriminated against the individual by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facilities in violation of 42 U.S.C. § 12181 *et seq.*, and 28 C.F.R. 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly-situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

10

19.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205, and 28 C.F.R. 36.505.

20.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the Winter Garden Plaza to make those facilities readily accessible to and useable by the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facilities until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

11

C.      Require the Defendant to maintain its accessible features on an ongoing basis, as required by law.

D.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

E.      Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

John P. Fuller, Esq.
Fla. Bar No. 0276847
Fuller, Fuller & Associates, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
Telephone (305) 891-5199
Facsimile  (305) 893-9505
jpf@fullerfuller.com

*Attorneys for Plaintiff*

12