UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAIME GENTRY, as Mother and
Natural Guardian of RG, a minor,

      Plaintiff,

vs.

Case No. 6:21-CV-045-JA-LRG

GAR SHING REALTY CORP., a
Florida Corporation,

      Defendant.
_____/

## MOTION FOR COURT APPROVAL OF
## MINOR SETTLEMENT PURSUANT TO F.S. 744.387(3)(a)

COMES NOW the Plaintiff, Jaime Gentry, as Mother and Natural Guardian of R.G., a minor, and hereby moves this Court for approval of a minor's Settlement Pursuant to F.S. 744.387(3)(a), and as grounds therefore states:

1. The subject claim is brought by the Plaintiff, Jaime Gentry as Mother and Natural Guardian of her son, R.G., a minor, claiming that the subject property, the Winter Garden Plaza, a shopping center located at 13375 W. Colonial Drive, Winter Garden, FL 34787, contains architectural barriers, in violation of Title III of the ADA, 42 U.S.C. 12181, *et seq.*, as set forth in Plaintiff's Complaint that prevented the Plaintiff, a minor, from the full and equal use of the facility, which

alleged barriers, included having non-compliant accessible parking, parking that does not lead to an accessible route, including, non-compliant curb ramps and a lack of accessible features at Dollar Tree, as also described in Plaintiff's Complaint. Plaintiff encountered or observed the aforedescribed barriers. [D.E.1]

2. R.G. is the son of Jaime Gentry. He was born in 2004 and he is disabled as defined by the ADA. R.G., according to his medical records, has a very complex medical history, multiple heart surgeries for hyproplastic left heart. R.G. has a history of chronic back pain and scoliosis related to this. It is medically necessary for R.G. to use a scooter style wheelchair. R.G. cannot walk more than 30 feet without the use of a wheelchair.

3. Jaime Gentry and her son, R.G. reside in Parkland, Florida. Jaime Gentry, along with her three (3) children, including R.G. regularly go to Orlando and the surrounding areas, such as Winter Garden, to enjoy together the vast amount of tourist attractions available there. Mrs. Gentry has an Annual Pass to Universal Studios. They particularly enjoy the Winter Garden area, its sightseeing, unique shops, natural pristine nature, such as its nature preserves, West Orange Trail and Lake Apopka. Mrs. Gentry and her son, R.G., have been to the subject shopping center several times, the latest time on November 11, 2020. Mrs. Gentry and her son R.G. intend to return to the subject shopping center in the near future on their regular visits to Winter Garden, as they enjoy shopping and eating while

there, especially at the Dollar Tree Store and the many other tenants at the subject shopping center, including restaurants.

4. Defendant, Gar Shing Realty Corp. is the owner of the subject property, Winter Garden Plaza, located at 13375 W. Colonial Drive, Winter Garden, FL 34787 and is the lessor of the retail space occupied by Dollar Tree Store. Defendant owns, leases to and operates a place of public accommodation as defined by the ADA and its implementing regulations. 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA.

5. The Defendant has denied any liability, wrongdoing, or responsibility on its part.

6. To resolve all issues between the Parties, the Parties have entered into the **Exhibit A** Settlement Agreement wherein Plaintiff, subject to the Court's approval, agrees to release the Defendant and the subject property from any and all claims of the Plaintiff concerning the ADA, in consideration for the Defendant agreeing to remedy the ADA violations set forth on Exhibit 1 to the Exhibit A Settlement Agreement, and the Defendant agreeing to pay to Plaintiff's Counsel, Fuller, Fuller & Associates, P.A. the sum of $13,000 to reimburse Plaintiff for its reasonable attorney's fees, litigation expenses, including expert fees and costs, which would otherwise be recoverable under 42 U.S.C. 12205.

7. The subject lawsuit was brought under Title III of the ADA, 42 U.S.C.12181, *et seq*. Title III of the ADA provides as the sole remedy to the Plaintiff, injunctive relief. Houston v. Marod Supermarkets, Inc., 737 F. 3d 1323 (11th Cir. 2013)("In this case, Houston seeks injunctive relief which is the only form of relief available to plaintiffs suing under Title III of the ADA")

8. Pursuant to F.S. 744.387(3)(a), no settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action.

9. F.S.A. 744.387(2), provides, "In the same manner as provided in Subsection (1) or as authorized by § 744.301, the natural guardians or guardian of a minor may settle any claim by or on behalf of a minor that does not exceed $15,000 without bond. A legal guardianship shall be required when the amount of the net settlement to the ward exceeds $15,000.

10. F.S. 744.387(4) provides, "In making a settlement under court order as provided in this section, the guardian is authorized to execute any instrument that may be necessary to effect the settlement. When executed, the instrument shall be a complete release of the person making the settlement.

11. Plaintiff and her minor son, R.G. are available to testify before the Court, if necessary, and Plaintiff's Counsel shall produce its invoice, should the Court deem either are necessary for the Court's approval of the settlement.

12. All Counsel represent that the settlement represents the result of good faith negotiations between the Parties. Both Counsel are available to appear before the Court, if necessary.

WHEREFORE, Plaintiff moves this Court for the Court's approval, as required by F.S.A. 744.387(3)(a), of the Exhibit A Settlement Agreement, entered into by the Plaintiff and Defendant herein, and for the Court to retain jurisdiction of the matter to enforce compliance therewith.

### CERTIFICATION UNDER LOCAL RULE 3.01(a)

The undersigned certifies that he has conferred with opposing Counsel and Defendant's Counsel agrees to the relief requested; to wit: the Court's approval of the subject Minor Settlement Agreement.

Respectfully Submitted,

**/s/John P. Fuller**
John P. Fuller, Esq.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this **5**<sup>th</sup> day of **May, 2021**, a true and correct copy of the foregoing was electronically filed via the Court's CM/ECF System which will automatically send a Notice of Electronic Filing to Attorneys for the Defendant, Paul J. Scheck, Esq., pscheck@shutts.com, Shutts & Bowen LLP, 300 S. Orange Ave., Suite 1600, Orlando, FL 32801.

        Respectfully Submitted,

        **/s/John P. Fuller**
        John P. Fuller, Esq.
        Fla. Bar No. 0276847
        Fuller, Fuller & Associates, P.A.
        12000 Biscayne Boulevard, Suite 502
        North Miami, FL  33181
        Telephone: (305) 891-5199
        Facsimile:  (305) 893-9505
        jpf@fullerfuller.com
        *Attorneys for Plaintiff*