# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JAIME GENTRY,**

       **Plaintiff,**

v.                                                             **Case No: 6:21-cv-45-JA-LRH**

**GAR SHING REALTY CORP.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**    **PLAINTIFF'S RENEWED MOTION FOR COURT APPROVAL OF MINOR SETTLEMENT PURSUANT TO F.S. 744.387(3)(a) (Doc. No. 25)**
>
> **FILED:**      May 24, 2021
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part and DENIED in part**.

**I.  BACKGROUND.**

On January 6, 2021, Plaintiff Jaime Gentry, "as Mother and Natural Guardian of RG, a minor, and on behalf of all other mobility-impaired individuals similarly situated," filed a complaint against Defendant Gar Shing Realty Corp. Doc. No. 1. On March 9, 2021, Plaintiff filed an amended complaint, which is the operative pleading. Doc. No. 12. In the amended complaint, Plaintiff alleges that R.G., a minor, is disabled as defined by the Americans with Disabilities Act

("ADA"). *Id.* at 2. Plaintiff claims that Defendant owns, leases, or operates a place of public accommodation: Winter Garden Plaza, a shopping center. *Id.* at 3. Plaintiff alleges that several violations of the ADA existed at the Winter Garden Plaza upon Plaintiff's and R.G.'s visit to the property, and that Defendant discriminated against R.G. by denying access to full and equal enjoyment of the facilities in violation of the ADA. *Id.* at 5–10. Plaintiff seeks declaratory relief, injunctive relief, and attorney's fees pursuant to the ADA. *Id.* at 11–12. Defendant has answered the amended complaint. Doc. No. 22.

On May 5, 2021, Plaintiff filed a Motion for Court Approval of Minor Settlement Pursuant to F.S. 744.387(3)(a). Doc. No. 23. Plaintiff, without opposition from Defendant, asked that, pursuant to Fla. Stat. § 744.387(3)(a), the Court approve the settlement agreement entered into by the parties because the agreement involves the interests of a minor, R.G. *Id.* Plaintiff included with the motion a fully executed copy of the parties' Settlement Agreement. Doc. No. 23-1. The motion was referred to the undersigned.

Upon review, I found three central issues precluding the Court from granting the motion, including: (1) Plaintiff asked for court approval of the parties' settlement pursuant to Fla. Stat. § 744.387, without demonstrating that statute applies to a case filed in federal court arising solely under federal law; (2) Plaintiff had not adequately addressed the terms of the Settlement Agreement; and (3) Plaintiff asked the Court to retain jurisdiction after settlement approval to enforce compliance with the agreement, without citation to legal authority demonstrating propriety of same. Doc. No. 24. Accordingly, I denied the motion without prejudice to filing a renewed motion on or before May 24, 2021 addressing these issues. *Id.* at 3.

Plaintiff timely filed a Renewed Motion for Court Approval of Minor Settlement Pursuant to F.S. 744.387(3)(a). Doc. No. 25. According to the motion, Defendant again agrees to the

requested relief. *Id.* at 12. Plaintiff maintains that the Court should approve the parties' Settlement Agreement pursuant to Fla. Stat. § 744.387(3)(a), that the terms of the Settlement Agreement are fair, adequate, reasonable, and in the interests of R.G., and that the Court should retain jurisdiction over the Settlement Agreement. *Id.*

The renewed motion has been referred to the undersigned, and the matter is ripe for review.

**II.   ANALYSIS.**

Plaintiff asks that the Court approve the parties' Settlement Agreement pursuant to Fla. Stat. § 744.387(3)(a). Doc. No. 25. Section 744.387(3)(a), which governs settlement of claims under Florida law, provides that "No settlement after an action has been commenced by or on behalf of a ward shall be effective unless approved by the court having jurisdiction of the action." Fla. Stat. § 744.387(3)(a).

This case arises solely under federal law, *i.e.*, the ADA, and the matter was instituted in federal court. *See* Doc. Nos. 1, 12. Thus, Florida law regarding approval of a settlement agreement involving a minor is not binding on this Court. However, federal law does not speak to the standard that the Court should employ in determining whether to approve a settlement agreement involving a minor. *See Meyers v. United States*, No. 6:13-cv-1555-Orl-41TBS, 2014 WL 5038585, at *3 (M.D. Fla. Sept. 29, 2014). And "[w]hen confronted with a gap in a federal statutory scheme, federal courts may, depending on the circumstances, choose to adopt state law rather than craft a uniform federal rule." *Id.* (citing *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 728 (1979)). Courts in this District have elected to apply Fla. Stat. § 744.387(3)(a) when addressing settlement agreements involving a minor with claims arising under federal law. *See id.* at *4–5 (approving settlement involving minor arising under Federal Tort Claims Act, collecting authority that to do so was consistent with federal courts doing same); *see also L.M.P. v. NBCUniversal Media, LLC*, No.

6:13-cv-863-Orl-41GJK, 2014 WL 5038524, at *2 (M.D. Fla. Oct. 3, 2014) (approving settlement of claims involving a minor pursuant to Fla. Stat. § 744.387(3)(a), including claims arising under the ADA); *Corrao v. United States*, No. 6:07-cv-1617-Orl-19GJK, 2009 WL 10712671 (M.D. Fla. Sept. 11, 2009), *report and recommendation adopted*, 2009 WL 10712672 (M.D. Fla. Sept. 30, 2009) (approving settlement of claims involving a minor arising solely under federal law pursuant to Fla. Stat. § 744.387(3)(a)). I find these decisions persuasive, and will respectfully recommend that the Court apply Fla. Stat. § 744.387(3)(a) to the present motion.

Pursuant to Fla. Stat. § 744.387, court approval of a settlement agreement involving a minor requires a determination that "the settlement will be for the best interest of the ward." Fla. Stat. § 744.387(1). "[T]he cardinal rule is that the District Court must find that the settlement is fair, adequate, and reasonable and is not the product of collusion of the parties." *In re Smith*, 926 F.2d 1027, 1029 (11th Cir. 1991). "The purpose of an order approving a minor's settlement is not to protect any legal right a defendant may have to control settlement[,] but instead it is to protect the interest of the minor and the guardian and to ensure that any release given on behalf of the minor is legally effective." *Jackson v. Magical Cruise Co., Ltd.*, No. 6:14-cv-1997-Orl-18KRS, 2016 WL 2647689, at *2 (M.D. Fla. Apr. 22, 2016) (citing *McLaughlin v. Lara,* 133 So.3d 1004, 1006 (Fla. 2d Dist. Ct. App. 2013)), *report and recommendation adopted sub nom. Jackson v. Magical Cruise Co.*, 2016 WL 2733422 (M.D. Fla. May 9, 2016).

Here, Plaintiff explains, with the agreement of Defendant, that the Settlement Agreement is fair, adequate, and reasonable; is not the product of collusion between the parties; is consistent with the purposes of the ADA; and is in the minor's best interests. Doc. No. 25, at 7. Plaintiff further explains that the amended complaint concerns lack of accessible routes, non-compliant accessible parking, and other ADA violations at the subject property, all of which are being remedied by

Defendant in settlement. *Id.* Defendant has eighteen (18) months to comply with said agreement, and compliance has already begun. *Id.* Plaintiff will also have the opportunity for reinspection of the subject property, to ensure the modifications have been completed. *Id.* at 8. The parties have also resolved the issue of attorney's fees to be paid to Plaintiff's counsel, in the amount of $13,000, although counsel has incurred more than that amount in fees to date. *Id.*; *see also* Doc. No. 25-1 (invoice for attorney fees).

Upon review of the Settlement Agreement (Doc. No. 23-1), I discern no provisions that, under the facts of this case, render the agreement unfair, unreasonable, or contrary to the best interests of R.G. Nor is there any evidence of collusion between the parties. And I note that the release is limited to the claims raised in this case. *See* Doc. No. 23-1, at 5 § (IV).

However, there is one provision in the Settlement Agreement that I find unenforceable. Specifically, the Settlement Agreement states that it "may be modified only by a written document signed by all Parties." *See id.* at 6 § (VI)(A). Such a provision would allow the parties to circumvent the requirements of an already-approved agreement. *See Jackson*, 2016 WL 2647689, at *2 n.2 (noting that prior version of settlement agreement included similar impermissible modification provision, and upon notification, the parties removed the provision from the agreement). The Settlement Agreement contains a severability clause, however, Doc. No. 23-1 § (VI)(D). Accordingly, the undersigned will respectfully recommend that the modification provision be severed from the Settlement Agreement.

Based on the foregoing, I will respectfully recommend that the Court approve the parties' Settlement Agreement (Doc. No. 23-1), upon severance of the modification provision from the agreement. *See, e.g.*, *Jackson*, 2016 WL 2647689, at *2, *report and recommendation*, 2016 WL 2733422 (M.D. Fla. May 9, 2016) (approving settlement agreement involving interests of a minor

pursuant to Florida law and Fla. Stat. § 744.387(3)(a), after parties' removed modification provision); *Meyers*, 2014 WL 5038585, at *4–5 (approving settlement involving minor arising under Federal Tort Claims Act, pursuant to Florida law and Fla. Stat. § 744.387(3)(a)).

Finally, Plaintiff requests that the Court retain jurisdiction to enforce the Settlement Agreement. Doc. No. 25, at 9–12. In support, Plaintiff states that retention of jurisdiction is necessary for three reasons: (1) it is easier to file a motion to enforce in this Court than to file a new action in state court; (2) resolution of an enforcement action would be faster in federal court than state court; and (3) it would allow the Settlement Agreement to be enforced through the Court's contempt power. *Id.* at 9–10. Plaintiff only relies on one case in support: *American Disability Ass'n, Inc. v. Chmielarz*, 289 F.3d 1315 (11th Cir. 2002).[1]

*Chmielarz* does not support Plaintiff's request for the Court to retain jurisdiction. In *Chmielarz*, the district court "approved, adopted and ratified" the parties' settlement of ADA claims by a final order of dismissal (a settlement that did not involve a minor), over which the district court expressly retained jurisdiction. 289 F.3d at 1317. Thereafter, the district court declined to award the plaintiff prevailing party attorney's fees, even though the settlement agreement included a provision that Plaintiff was entitled to a fee award. *Id.* at 1317–18. The Eleventh Circuit found it plain that "if the district court either incorporates the terms of a settlement into its final order of dismissal or expressly retains jurisdiction to enforce a settlement, it may thereafter enforce the terms of the parties' agreement." *Id.* at 1320. Accordingly, the Eleventh Circuit held that the district

---

[1] As discussed above, in denying Plaintiff's first motion for settlement approval without prejudice, the undersigned required Plaintiff to support her request for the Court to retain jurisdiction by providing "citation to legal authority establishing that it would proper for the Court to retain jurisdiction over the parties' settlement." Doc. No. 24, at 3.

court erred by refusing to award attorney's fees and costs as provided for in the settlement agreement. *Id.* at 1321.

*Chmielarz* does not stand for the proposition that Plaintiff suggests, that "it is clear that it would be proper for the Court to retain jurisdiction over the parties' Settlement Agreement, and doing so would promote the purposes of Title III of the ADA." *See* Doc. No. 25, at 12. Indeed, *Chmielarz* does not even address when and if it is proper for a district court to retain jurisdiction over a case arising under the ADA. Nor does Plaintiff provide citation to any cases in which the court approved a settlement involving a minor pursuant to Fla. Stat. § 744.387(3)(a), wherein the court retained jurisdiction to enforce the settlement agreement. Absent any authority demonstrating that retention of jurisdiction is proper in a case such as this, I will respectfully recommend that the Court decline to retain jurisdiction over the Settlement Agreement.

### III. RECOMMENDATION.

For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Court:

1. **GRANT in part** Plaintiff's Renewed Motion for Court Approval of Minor Settlement Pursuant to F.S. 744.387(3)(a) (Doc. No. 25).

2. **SEVER** the modification provision from the Settlement Agreement (Doc. No. 23-1, at 6 § (VI)(A)).

3. **APPROVE** the Settlement Agreement (Doc. No. 23-1) as amended by the Court.

4. **DENY** the Renewed Motion for Court Approval of Minor Settlement Pursuant to F.S. 744.387(3)(a) (Doc. No. 25) in all other respects.

5. **DISMISS** the case with prejudice, and thereafter, **DIRECT** the Clerk of Court to close the file.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on June 22, 2021.

*[signature]*

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record